```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                           JACKSON DIVISION
```

PAUL MCDONALD, ET AL.                                            PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:09CV136TSL-JCS

RAYCOM TV BROADCASTING, INC.
D/B/A WLBT, MEDIA GENERAL CONVERGENCE,
INC., D/B/A WJTV, AND HEART-ARGYLE
TELEVISION, INC. D/B/A WAPT                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

On February 9, 2009, plaintiffs Paul McDonald, his wife Shashawdra McDonald, and his three minor children filed suit in the Circuit Court of Hinds County, Mississippi, against Raycom Media, Inc. d/b/a WLBT (Raycom), Media General Operations, Inc. d/b/a WJTV (Media General) and Hearst-Argyle Television, Inc. d/b/a WAPT, asserting a number of state law tort claims against defendants as well as putative claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 based on allegations that in several news reports broadcast on February 26, 2008, each of the defendants, as a result of its negligence and recklessness, falsely displayed plaintiff Paul McDonald's name and photograph in connection with reports that he was wanted by the Jackson Police Department and Hinds County Sheriff's Department in relation to the rape of a twelve-year-old girl.  On March 5, 2009, Media General removed the case to this court on the basis of both diversity jurisdiction under 28 U.S.C. § 1332 (since all plaintiffs are Mississippi citizens and all defendants are citizens of states other than Mississippi), and federal question jurisdiction under 28 U.S.C.

§ 1331. On March 13, defendant Raycom Media filed its joinder in the notice of removal.

On April 3, plaintiffs moved to remand, arguing that the removal was procedurally defective since one of the defendants, Hearst-Argyle, did not join in the notice of removal or otherwise consent to removal, in violation of the "rule of unanimity," which requires that all parties properly joined and served consent to removal. Defendants Media General and Raycom have responded in opposition to the motion, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is not well taken and should be denied.

As a general rule, "all defendants who are properly joined and served must join in the removal petition, and the failure to do so renders the petition defective." Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988). This rule, known as the "rule of unanimity," applies to removals based on both diversity and federal question jurisdiction. Adair v. Amerus Leasing, Inc., 566 F. Supp. 2d 518, 522 (S.D. Miss. 2008). However, there are exceptions to the unanimity rule, including that removing defendants need not obtain consent from improperly or fraudulently joined parties, see Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L. Ed. 2d 150 (1993), from nominal or unnecessary defendants, see Farias v. Bexar County Board of Trustees for

2

Mental Health Mental Retardation Servs., 925 F.2d 866, 871 (5th Cir.), cert. denied, 502 U.S. 866, 112 S. Ct. 193, 116 L. Ed. 2d 153 (1991), or from defendants who have not been served at the time of removal, see Jones v. Houston Indep. School Dist., 979 F.2d 104, 1007 (5th Cir. 1992).

The responding defendants maintain that the fact that Hearst-Argyle did not join in the notice of removal is immaterial because plaintiffs have never had any factual basis for their allegations against Hearst-Argyle. Defendants have pointed out that, contrary to plaintiffs' allegations, Hearst-Argyle never broadcast plaintiff Paul McDonald's name or photograph in the first place; rather, it broadcast a photograph and story on the "real" Paul McDonald, i.e., the Paul McDonald that was arrested and charged with statutory rape. Defendants conclude, therefore, that Hearst-Argyle was improperly joined, or is a nominal party, whose joinder was not required.

Whether a party is "nominal" for removal purposes depends on "whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." Acosta v. Master Maintenance and Const. Inc., 452 F.3d 373, 379 (5th Cir. 2006) (quoting Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am., 427 F.2d 325, 327 (5th Cir. 1970)). This, in turn, depends on whether the plaintiff can establish a

3

cause of action against the nonremoving defendant in state court. See Farias, 925 F.2d at 871 (holding that to establish a non-removing defendant was a nominal party, "the removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court"). As in the fraudulent joinder analysis, the court may resolve the nominal defendant issue in one of two ways:[1]

> First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." In cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." In this inquiry, the court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the

---

[1] See Jacob v. Greyhound Lines, Inc., No. Civ. A. 02-2199, 2002 WL 31375612, 4 (E.D. La. Oct. 21, 2002), in which the court, citing Badon v. R J R Nabisco, Inc., 224 F.3d 382, 389 and n.10 (5th Cir. 2000), opined that in making the nominal party determination, a court "may pierce the pleadings and, even though the petition may state a claim against the nonremoving defendant, the case may be removed if the defendants show by evidence outside the pleadings that there is no reasonable basis to predict that plaintiffs could establish a claim against the nominal defendant. In so doing, courts may examine 'summary judgment type evidence.'" The Jacob court observed,
> Although Badon involved a fraudulently-joined defendant --an in-state defendant joined to defeat diversity jurisdiction--the Court finds that the standard articulated by the Badon court applies with equal force to nominally-joined defendants. In both situations, the central inquiry is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court."

Id. at 4 n.2.

4

> complaint, in the light most favorable to the plaintiff." Sll disputed issues of fact and any ambiguities of state law must be resolved in the [nonmovants'] favor.

Smith v. Petsmart Inc., 278 Fed. Appx. 377, 379, 2008 WL 2062257, 2 (5th Cir. 2008) (citations omitted).

In the case at bar, there is no suggestion by either of the removing defendants that plaintiffs have failed to state a claim that would withstand a Rule 12(b)(6) analysis. Defendants maintain, however, that the undisputed evidence reveals that plaintiffs, whether intentionally or not, misstated crucial discrete facts in their complaint, and that based on the actual facts, plaintiffs have no reasonable possibility of recovery against Hearst-Argyle. For their part, plaintiffs do not deny that based on the actual facts, they have no claim against Hearst-Argyle. They expressly acknowledge that this defendant "may now be found to be a nominal party," as evidenced by an affidavit that Hearst-Argyle has provided to plaintiffs which confirms that this defendant never aired the challenged story or photograph of plaintiff Paul McDonald. However, plaintiffs note that in making the nominal party determination, the court must look to whether "the party was nominal at the *time of removal* rather than considering any subsequent events," In re Beazley Ins. Co., No. 09-20005, 2009 WL 205859, 4 (5th Cir. Jan. 29, 2009), and they argue that since they thought Hearst-Argyle was liable at the time they filed their complaint (and at the time of removal) and

5

learned only afterward that this was not true, then the court must conclude that at the *time of removal*, Hearst-Argyle was a necessary party. The court rejects plaintiffs' reasoning.

The relevant inquiry for the court is not whether plaintiffs mistakenly believed when they filed their complaint and at the time of removal that they had a viable claim against the particular defendant, but rather is whether plaintiffs actually had a reasonable possibility of recovery against that defendant. Based on the actual facts, which plaintiffs do not dispute, there was never any reasonable possibility of recovery against Hearst-Argyle, and therefore, this defendant was not required to join in the removal petition or otherwise consent to removal. Accordingly, its co-defendants' removal was not procedurally defective, as contended by plaintiffs, and the motion to remand must therefore be denied.[2]

Accordingly, it is ordered that plaintiffs' motion to remand is denied.

SO ORDERED this 29th day of April, 2009.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2] From the court's conclusion that the case was properly removed, it follows that defendant Media General's motion to strike the amended complaint filed by plaintiff in state court after the notice of removal will be granted.

6